**Mohamed Yallen BARRIE, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General of the United States, Respondent.**

No. 07–1883–ag.

United States Court of Appeals, Second Circuit.

March 17, 2008.

Ronald S. Salomon, New York, NY, for Respondent.

Remi Adalemo, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General; Linda S. Wendtland, Assistant Director, on the brief), Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Mohamed Yallen Barrie, who is asserted to be a citizen of Sierra Leone, seeks review of the April 6, 2007 order of the BIA affirming the October 20, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Yallen Barrie*, No. A 95 467 714 (B.I.A. Apr. 6, 2007), *aff'g* No. A 95 467 714

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

(Immig. Ct. N.Y. City Oct. 20, 2005). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

When the BIA adopts the decision of the IJ but also supplements the IJ's decision with additional analysis, we review the decision of the IJ as supplemented by the BIA. *See, e.g., Delgado v. Mukasey,* 508 F.3d 702, 705 (2d Cir.2007). Our review of questions of law and the application of law to undisputed fact is *de novo. Id.* We review the agency's factual findings, including credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

The IJ and BIA (collectively, the "BIA") denied Barrie's application on two independent grounds: (1) petitioner's failure to meet his burden of showing persecution based on a protected ground and, in the alternative, (2) a finding of adverse credibility. On review, we conclude that the BIA did not err when it determined that petitioner failed to meet his burden of showing persecution based on a protected ground and, therefore, we need not determine whether substantial evidence supported the BIA's adverse credibility determination.

An asylum petitioner must show that he meets the definition of "refugee" set forth in 8 U.S.C. § 1101(a)(42), either because "he has suffered past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, or that he has a well-founded fear that, if deported, he will suffer persecution on account of one of those protected grounds." *Tao Jiang v. Gonzales,* 500 F.3d 137, 140 (2d Cir.2007) (internal quotation marks omitted). The

BIA concluded that petitioner failed to carry this burden because he did not show that the rebel group that attacked his family did so on the basis of any protected ground. The determination that attacks on petitioner's home should be attributed to conditions of "countrywide violence ... affecting the popul[ace] as a whole" is supported by substantial evidence, and the determination that such violence does not give rise to a claim for political asylum finds support in the precedents of this Circuit. *See Melgar de Torres v. Reno,* 191 F.3d 307, 314 (2d Cir.1999) ("The increase in general crime that has been documented in the record does not lend support to an asylum claim since a well-founded fear of persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground."). Accordingly, petitioner failed to demonstrate past persecution or a well-founded fear of future persecution based on a protected ground.

Having determined that petitioner failed to demonstrate a nexus between any past persecution and a protected ground, we need not consider whether the IJ's adverse credibility determination is supported by substantial evidence.

For the reasons stated above, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.